MISTY A. MURRAY (SBN 196870)
mmurray@hinshawlaw.com
DAYNA L. BERKOWITZ (SBN 316528)
dberkowitz@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
Telephone: 213-680-2800
Facsimile: 213-614-7399

PETER J. FELSENFELD (SBN 260433)
pfelsenfeld@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Attorneys for Plaintiff-in-Interpleader
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>  Plaintiff-in-Interpleader,<br><br>vs.<br><br>AURORA L. EASTMAN, an individual; SCOTT A. EASTMAN, an individual; REBECCA J. EASTMAN, an individual; KATHLEEN M. ROGNEBY, an individual; A.C.E., a minor, by and through his Guardian Ad Litem, Jacob Rogneby; and A.L.E., a minor, by and through her Guardian Ad Litem, Jacob Rogneby,<br><br>  Defendants-in-Interpleader. | Case No. 3:18-cv-02091-JD<br><br>Honorable James Donato<br><br>**STIPULATION AND [PROPOSED] ORDER FOR**<br><br>**1. PLAINTIFF-IN-INTERPLEADER METROPOLITAN LIFE INSURANCE COMPANY'S DISCHARGE AND DISMISSAL WITH PREJUDICE;**<br><br>**2. PERMANENT INJUNCTION; AND**<br><br>**3. RECOVERY OF REASONABLE ATTORNEYS' FEES**<br><br>**PROOF OF SERVICE**<br><br>First Amended Complaint Filed: 5/2/18 |

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

STIPULATION FOR DISCHARGE AND DISMISSAL, INJUNCTION AND AWARD OF FEES AND COSTS
AS TO PLAINTIFF-IN-INTERPLEADER
Case No. 3:18-cv-02091-JD

Plaintiff-in-Interpleader, on the one hand, and Defendants-in-Interpleader, on the other, have reached an agreement in this Interpleader action, as set forth below:

## RECITALS

WHEREAS, Relis Carl Eastman ("Decedent") was a former employee of AT&T Inc. ("AT&T") and was a participant in the AT&T Group Life Insurance Program for Active Employees (the "Plan"), an ERISA-governed employee welfare benefit plan sponsored by AT&T. During the relevant period, the Plan was funded by a group insurance policy and group certificate of insurance (collectively, the "Group Policy") issued by Metropolitan Life Insurance Company ("MetLife") to AT&T. As a Plan participant, Decedent had the following benefits: Effective August 22, 1999, Decedent had basic life insurance benefits in the amount of $81,000 as well as accidental death and dismemberment ("AD&D") insurance benefits in the amount of $81,000. Effective December 31, 2010, Decedent had supplemental life insurance benefits in the amount of $486,000 as well as supplemental AD&D insurance benefits in the amount of $486,000. The foregoing benefits are collectively referred to herein as the "Plan Benefits."

WHEREAS, Defendant-in-Interpleader Aurora L. Eastman ("Aurora") is the daughter of Decedent.

WHEREAS, Defendant-in-Interpleader Rebecca J. Eastman ("Rebecca") is the daughter of Decedent.

WHEREAS, Defendant-in-Interpleader A.C.E. ("A.C.E.") is the minor son of Decedent.

WHEREAS, Defendant-in-Interpleader A.L.E. ("A.L.E.") is the minor daughter of Decedent.

WHEREAS, Defendant-in-Interpleader Kathleen M. Rogneby ("Kathleen") is the mother of Aurora, Rebecca, A.C.E., and A.L.E.

WHEREAS, Defendant-in-Interpleader Scott A. Eastman ("Scott") is the son of Decedent.

WHEREAS, the group certificate of insurance, which is part of the Group Policy, and the Summary Plan Description ("SPD") provide that a participant may designate a beneficiary to whom

1
STIPULATION FOR DISCHARGE AND DISMISSAL, INJUNCTION AND AWARD OF FEES AND COSTS
AS TO PLAINTIFF-IN-INTERPLEADER
Case No. 3:18-cv-02091-JD

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

MetLife will pay the Plan Benefits. Based upon information and belief, Decedent did not designate a beneficiary. In this regard, the SPD sets forth how the Plan Benefits will be paid if a participant does not designate a beneficiary. Specifically, the SPD provides that if the insured dies without a beneficiary, the Plan Benefits will be paid in accordance with the AT&T Rules for Employee Beneficiary Designations. The AT&T Rules for Employee Beneficiary Designations require that MetLife pay Decedent's surviving spouse, if married, or legally recognized partner, if not married, and if Decedent is not survived by a spouse or legally recognized partner, then the Plan Benefits shall be paid to his surviving children in equal amounts.

WHEREAS, Decedent died on or about June 30, 2016. Decedent's Death Certificate listed the cause of death as a perforating gunshot wound to the head. The Death Certificate also indicated that Decedent's death was a homicide. On or about July 12, 2016, Scott was formally charged with the murder of Decedent, which put his potential right to a portion of the Plan Benefits at issue.

WHEREAS, on or about October 14, 2016, MetLife received the following claim forms for the Plan Benefits: Aurora submitted a claim form dated August 22, 2016, and Kathleen submitted claim forms on behalf of Rebecca, A.L.E., and A.C.E. dated September 27, 2016. The claim forms did not indicate the percentage of Plan Benefits that each claimant is seeking.

WHEREAS, during its investigation of the claim, MetLife received conflicting information regarding whether Decedent was married at the time of his death. While Decedent's Death Certificate lists Kathleen as Decedent's wife, MetLife also received a copy of the Dissolution of Marriage and Marital Settlement Agreement between Decedent and Kathleen, which indicated that they were divorced on or about December 8, 2005. Additionally, Aurora's Claimant Affidavit listed Kathleen as divorced from Decedent.

WHEREAS, during its investigation, MetLife discovered the Marital Settlement Agreement contains Qualified Domestic Relations Order ("QDRO") language that required Decedent to maintain life insurance in the amount of 4 times his base pay for his minor children as joint beneficiaries, with Kathleen acting as trustee of the account until the children reach the age of 21. The Marital Settlement Agreement lists the 3 minor children as Aurora, Rebecca, and A.L.E.

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

According to Aurora's claim form, Decedent had 5 surviving children, 4 of which were under the age of 21 at the time of his death. Scott was over the age of 21.

WHEREAS, the Dissolution of Marriage and the Marital Settlement Agreement were executed in California. MetLife cannot determine whether ERISA's QDRO requirement applies to life insurance under California law and, therefore, to the Plan Benefits at issue. Further, the QDRO language in the Marital Settlement Agreement only addresses proceeds equal to 4 times Decedent's base pay, yet the total Plan Benefits at issue exceed that amount. Finally, the QDRO language does not include one of the minor children, A.C.E, who was born after the 2005 divorce.

WHEREAS, MetLife contends that it could not conclusively determine the proper beneficiary or beneficiaries of the Plan Benefits without subjecting itself to the possibility of multiple liability due to the competing claims of the Defendants-in-Interpleader.

WHEREAS, on April 5, 2018, MetLife filed this interpleader action in good faith against Aurora, Scott, Rebecca, Kathleen, A.C.E., and A.L.E. On May 2, 2018, MetLife filed its First Amended Complaint-in-Interpleader.

WHEREAS, on June 1, 2018, MetLife deposited $1,143,118.60 with the Court. This amount represents the Plan Benefits, plus applicable accrued interest through the date of deposit.

WHEREAS, all Defendants-in-Interpleader have been served with the Summons and First Amended Complaint-in-Interpleader. Per the Court's Minute Entry dated January 17, 2019 (Dkt#57), no answers from the Defendants-in-Interpleader are due as the case is stayed.

WHEREAS, on or about September 27, 2018, Scott was found guilty of first degree murder of Decedent. Upon information and belief, Scott's time for appealing that conviction has not yet run.

WHEREAS, on or about June 14, 2018 (Dkt#31), Kathleen expressly stated that she disavows any claim to or interest in the Plan Benefits, which the Court confirmed by Order dated January 22, 2019 (Dkt#60).

WHEREAS, by Order dated January 22, 2019 (Dkt#60), the Court appointed Jacob Rogneby as guardian ad litem for A.C.E. and A.L.E. in this action.

3
STIPULATION FOR DISCHARGE AND DISMISSAL, INJUNCTION AND AWARD OF FEES AND COSTS
AS TO PLAINTIFF-IN-INTERPLEADER
Case No. 3:18-cv-02091-JD

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

WHEREAS, MetLife is a mere disinterested stakeholder and claims no interest in the Plan Benefits at issue, which have been deposited with the Court.

WHEREAS, all Defendants-in-Interpleader agree that MetLife shall be discharged of any and all liability with respect to the Plan Benefits and the underlying Group Policy and any and all claims that Defendants-in-Interpleader have or may have regarding the Plan Benefits and the underlying Group Policy.

WHEREAS, all Defendants-in-Interpleader agree that MetLife will recover its attorneys' fees and costs from the stake on deposit in the amount of $5,000.00.

WHEREAS, all Defendants-in-Interpleader agree that each Defendant-in-Interpleader, including their respective agents, attorneys and/or assigns shall be enjoined and perpetually restrained from instituting any suit at law or equity, or action of any kind whatsoever, against MetLife and/or its parent companies, subsidiary companies, agents, affiliates, representatives or attorneys with respect to the Plan Benefits and the underlying Group Policy.

WHEREAS, all Defendants-in-Interpleader further agree that MetLife shall be dismissed from this action entirely with prejudice.

## **STIPULATION**

NOW THEREFORE, Plaintiff-in-Interpleader MetLife and Defendants-in-Interpleader Aurora, Scott, Rebecca, Kathleen, A.C.E., and A.L.E., by and through their attorneys of record, and in the case of Scott, in pro per, stipulate and agree as follows:

1. That MetLife shall be discharged of any and all liability with respect to the Plan Benefits and the underlying Group Policy and any and all claims that Defendants-in-Interpleader Aurora, Scott, Rebecca, Kathleen, A.C.E., and A.L.E. may have regarding the Plan Benefits and any claims under the Group Policy;

2. That Defendants-in-Interpleader Aurora, Scott, Rebecca, Kathleen, A.C.E., and A.L.E. and their respective agents, attorneys and/or assigns shall be enjoined and perpetually restrained from instituting any suit at law or equity, or action of any kind whatsoever, against

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

MetLife and/or its parent companies, subsidiary companies, agents, affiliates, representatives or attorneys with respect to the Plan Benefits and the Group Policy;

3. That MetLife will recover its attorneys' fees and costs from the stake on deposit in the amount of $5,000.00; and

4. That MetLife is dismissed from this action entirely with prejudice.

**IT IS SO STIPULATED.**

DATED: March 6, 2019      HINSHAW & CULBERTSON LLP

By: /s/ Misty A. Murray
MISTY A. MURRAY
PETER J. FELSENFELD
DAYNA L. BERKOWITZ
Attorneys for Plaintiff-in-Interpleader
Metropolitan Life Insurance Company

DATED: March 6, 2019      RIGGIO MORDAUNT & KELLY

By: /s/ Mike Mordaunt
MIKE MORDAUNT
Attorney for Kathleen Rogneby, Aurora
Eastman, Rebecca Eastman, and A.L.E. and
A.C.E., by and through their guardian ad litem
Jacob Rogneby

By: /s/
SCOTT A. EASTMAN
Defendant in Pro Per

HINSHAW & CULBERTSON LLP
633 West 5th Street
47th Floor
Los Angeles, CA 90071-2043
213-680-2800

# [~~PROPOSED~~] ORDER

Having reviewed the Stipulation of the parties, and for good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1. That Metropolitan Life Insurance Company ("MetLife") is discharged of any and all liability with respect to the Plan Benefits and the underlying Group Policy and any and all claims that Defendants-in-Interpleader Aurora L. Eastman ("Aurora"), Scott A. Eastman ("Scott"), Rebecca J. Eastman ("Rebecca"), Kathleen M. Rogneby ("Kathleen"), A.C.E. ("A.C.E."), and A.L.E ("A.L.E.") may have regarding the Plan Benefits and any claims under the Group Policy;

2. That Defendants-in-Interpleader Aurora, Scott, Rebecca, Kathleen, A.C.E., and A.L.E. and their respective agents, attorneys and/or assigns are enjoined and perpetually restrained from instituting any suit at law or equity, or action of any kind whatsoever, against MetLife and/or its parent companies, subsidiary companies, agents, affiliates, representatives or attorneys with respect to the Plan Benefits and the Group Policy;

3. That MetLife will recover its attorneys' fees and costs from the stake on deposit in the amount of $5,000.00. Said funds are to be payable to Metropolitan Life Insurance Company and sent to MetLife's counsel of record Misty A. Murray, Esq., Hinshaw & Culbertson LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071; and

4. That MetLife is dismissed from this action entirely with prejudice.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: March 8, 2019



_____
HONORABLE
UNITED STATES DISTRICT JUDGE